### EQUITABLE TRUST CO. OF NEW YORK v. POLLITZ.

(Circuit Court of Appeals, Second Circuit. June 18, 1913.)

No. 266.

COURTS (§ 508*)—CONFLICTING JURISDICTION—FEDERAL AND STATE COURTS—INJUNCTION BY FEDERAL COURT.

Where a federal court has possession of the res, it may enjoin proceedings in a state court which affect such possession, but other questions which do not involve or threaten its possession may properly be litigated in the state court which first acquired jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Equitable Trust Company of New York, as trustee, etc., against James Pollitz. Complainant appeals from an order denying a motion for preliminary injunction. Affirmed.

Appeal from an order of the District Court, Southern District of New York, denying a motion for a preliminary injunction to restrain

the defendant from taking certain proceedings in an action pending in the Supreme Court of the state of New York.

Murray, Prentice & Howland and Pierce & Greer, all of New York City (George Welwood Murray, Lawrence Greer, and Rush Taggart, all of New York City, of counsel), for appellant.

J. Aspinwall Hodge, of New York City, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Assuming that the federal courts have possession of the res, it follows that they should enjoin proceedings in a state court affecting such possession. But questions not involving such possession may properly be litigated in the court which first acquires jurisdiction. There is nothing in the present record to show any disposition on the part of the state court to go outside its proper province. Indeed, it has already refused to interfere with the litigation in the federal courts. When it changes its attitude, it will be time enough to go into the interesting questions of law presented upon the briefs and to see whether, upon the merits, an injunction should be granted. Now it is sufficient to say that the complainant's rights are not shown to be in danger.

The order appealed from is affirmed, with costs.